RECEIVED
AUG 1 6 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| SANDRA KNIGHT | CIVIL ACTION NO. 2:12-0093 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| UNITED STATES OF AMERICA, ET AL | MAG. JUDGE KAY |

### MEMORANDUM RULING

Before the court are cross motions for summary judgment: (1) "Motion for Summary Judgment Filed by United States of America[1]/"Motion to Dismiss" (R. #34)[2](R. #47) and (2) "Motion for Summary Judgment" (R. #51) filed by plaintiff, Sandra Knight. The motions will be considered simultaneously.

### FACTUAL STATEMENT

Plaintiff, Sandra B. Knight, is a civilian employee working for the Department of the Army. On November 13, 2002, plaintiff placed her personal property in storage with J&J Moving Service, Inc. ("J&J") in Fort Polk, Louisiana during a tour assignment in South Korea. The government paid the cost of storage for a twenty-four month period which was to expire on or about December 14, 2004.

On October 15, 2004, a certified letter was mailed to plaintiff informing her that the storage entitlement was due to expire. Because plaintiff was in transit – transferred from USAG

---

[1] The undersigned converted the motion to dismiss (R. #34) to a motion for summary judgment. The government filed a separate motion for summary judgment which is the instant motion.
[2] The motion to dismiss, filed June 17, 2015 was ordered to be converted to a motion for summary judgment by the undersigned on August 25, 2015 (R. #43).

1

Dargu to USAG, Humphrey—the letter was undeliverable. The Area IV CPAC[3] in Korea failed to forward plaintiff's storage file to the gaining Area III CPAC in Korea in violation of the Joint Travel Regulations ("JTR").[4] Furthermore, the Area III CPAC did not ask and/or verify from plaintiff if she had personal property in storage, therefore no request was sent to the storage agent in Louisiana for continued storage at the government's expense.

The Joint Personal Property Shipping Office-Fort Polk (JPPSO-FP) sent a second certified letter to the same address even though the first letter was undeliverable. Defense Transportation Regulation – 4500.9-R provides that if a certified letter is returned with notations, the Transportation Department will contact the military Service/Agency personnel locator office to make a final attempt to locate the member/employee. When all notifications and locator efforts have failed, the Transportation Office will take necessary steps to convert the lot to the member's/employee's expense. Plaintiff complains that the government failed to comply with this provision. Plaintiff was aware that the continued storage of her property at the government's expense expired but made no effort to pay and/or remove the items from storage.

On April 26, 2005, the JPPSO-FP converted the storage lot to plaintiff's expense. J&J sent billing notices to plaintiff to the "in-transit" address provided on her Application for Shipment and/or Storage of Personal Property. J&J inquired about plaintiff's whereabouts through the transportation office which had no knowledge of her whereabouts and had no contacts with plaintiff. In May 2007, J&J sold plaintiff's personal property at auction as "abandoned property."

---

[3] Civilian Personnel Action Center.
[4] CS195.13.4.c.

In June 2007, upon learning that her property had been sold at public auction, plaintiff requested an investigation and sought administrative action. The Department of the Army, U.S. Army Claims Service, investigated the claim and determined that plaintiff was negligent for failing to provide a proper and correct address to the appropriate Transportation Office. Plaintiff's claim was denied on November 5, 2009.

Plaintiff then filed a Freedom of Information Act [FOIA] request for copies of the 8th Army [Korea] Inspector General's Report on the investigation regarding the conversion of storage expenses from the government to plaintiff. The report shows that the "shipment was sold due to the violation of the Joint Travel Regulation (JTR) by the Area IV Civilian Personnel Action Center in Korea. This violation was a superseding cause for any negligence on your part. Therefore, your claim is payable under the PCA."[5] The government then made a gratuitous payment of $15,948 under the Personnel Claims Act ("PCA"), 31 U.S.C. § 3721 which is more commonly cited as the Military Personnel and Civilian Employee's Claims Act ("MPCECA"). According to a letter issued on June 21, 2011 by the U.S. Army Claims Service, this gratuitous payment was made despite the fact plaintiff failed to check on her household goods for five years, failed to provide a current address or phone number, and failed to comply with the terms of an agreement with the storage company.[6]

Plaintiff is suing the government on theories of conversion and negligence in the amount of $375,000.00, the alleged value of her property that was sold at public auction. Plaintiff is also

---

[5] Plaintiff's exhibit D, R. #38-5.
[6] Id.

seeking to be awarded the costs, interest from the date of judicial demand, and mental and emotional damages.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[7] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[8] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[9] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[10] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[11] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[12] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party,

---

[7] Fed. R. Civ. P. 56(c).
[8] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[9] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[10] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[11] Anderson, 477 U.S. at 249.
[12] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

no reasonable trier of fact could find for the non-moving party.[13] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[14]

## LAW AND ANALYSIS

The government first argues that this court has no subject matter jurisdiction over the MPCECA claim because the MPCECA[15] expressly prohibits judicial review. Plaintiff concedes in her cross motion for summary judgment that her MPCECA claim is expressly barred from judicial review of an administrative decision. Accordingly, the court will dismiss plaintiff's claims to the extent she seeks review of her claims under MPCECA. However, plaintiff continues to pursue her claims under the Federal Tort Claims Act.

The government maintains that plaintiff has no claims for damages under the FTCA because her remedy is found exclusively with MPCECA. Thus, the government argues that the FTCA does not vest this court with subject matter jurisdiction. Plaintiff argues that this court has subject matter jurisdiction pursuant to the FTCA.

The government relies upon Talstrom v. United States,[16] wherein the court held that "[A]n employee seeking recovery against the Government for loss of or damage occurring incident to service, is restricted to recovery under this statute (MPCECA).[17] In a footnote, the court stated that an employee's remedy for damage to property incidental to service was under MPCECA and

---

[13] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[14] Anderson, 477 U.S. at 249-50.
[15] Claims filed pursuant to 31 U.S.C. § 3721.
[16] 3 C.Ct. 106 (1983).
[17] Plaintiff's luggage was stolen while he was on Army traveling orders which was incidental to his service.

he could not bring suit under the FTCA. Thus, the government maintains that plaintiff is precluded from seeking recovery for property loss under the FTCA because the MPCECA is her sole recourse.

The Fifth Circuit in Zoula v. United States,[18] held that the Military Personnel Claims Act "furnishes the exclusive remedy" for property damages sustained by a serviceman and "preclude[d] resort [to] the Federal Tort Claims Act." The Military Personnel Claims Act, 31 U.S.C. § 222c, was an earlier version of the MPCECA which provided for claims of military personnel (civilian and servicemen) for personal property damage or loss.

Plaintiff, on the other hand, relies on Louisiana Civil Code Articles 2315 and 2316 as the corresponding state law tort cause of actions for negligence. Under the FTCA, the United States is liable in damages to the same extent a private person would be liable for the same negligent act or omission under the law of the state in which the act or omission occurred.[19] Plaintiff cites Burxztain v. United States,[20] to support its position that plaintiff can seek recovery pursuant to the FTCA even though she has already adjudicated her claims under MPCECA.

In Burxztain, a civilian doctor sued the Department of Army under the FTCA for injuries received during an Army helicopter landing at the hospital where she worked. The Fifth Circuit held that the United States could be held liable for the negligent acts of its employee pursuant to Louisiana Civil Code articles 2315 and 2316.

---

[18] 217 F.2d 81, 85 (5th Cir. 1955).
[19] 28 U.S.C. § 1346(b); United States v. Olson, 546 U.S. 43, 125 S.Ct. 510, 513 (2005); Skipper v. United States, 1 F.3d 349, 352 (5th Cir. 1993).
[20] 367 F.3d 2004 (5th Cir. 2004).

In <u>Vukisch v. United States</u>, [21] plaintiff, who had retired from the Army, put his belongings in storage, and even though he also was notified that his one year storage entitlement had expired, he failed to pay and/or make arrangements with the private storage company to either pay or remove his belongings. After unsuccessfully seeking compensation from the Army through administrative channels, plaintiff brought suit under the FTCA in the federal district court alleging negligence and conversion. Plaintiff relies on this case because while the court did not award a judgment in favor of plaintiff on the merits, it also did not dismiss the case for lack of jurisdiction. Plaintiff asks the court to infer that the district court had subject matter jurisdiction over the matter because the district court denied a 12(b)(6) motion to dismiss. As noted by the government, the court did not discuss the exclusion by MPCECA which was not raised by the parties and Vukisch was retired.

The court agrees with the government that federal district courts are without subject matter jurisdiction in a matter incident to military service for personal property damage claims under MPCECA. The FTCA is a limited waiver of sovereign immunity that permits suit only on terms and conditions strictly prescribed by Congress. [22] The MPCECA provides for settlement of claims made by an employee of a military agency for loss or damage to property incident to service.[23] Because plaintiff's loss was incident to her military service, this is her sole recourse.

---

[21] 291 Fed. Appx 587 ((C.A. 5 (Tex)2008).
[22] <u>United States v. Kubrick</u>, 444 U.S. 111,112 (1979).
[23] 31 U.S.C. § 3721(b). See <u>Feres v. United States,</u> 340 U.S. 135, 71 S.Ct. 153 (1950) (the U.S. Supreme court has distinguished between injury to a military employee occurring incident to service and injury occurring outside of service, holding that when the injury is incident to service an employee cannot sue the government under the FTCA; See also <u>Barr v. Brezina Construction Co.,</u> 464 F.2d 1141 (10th Cir. 1972) cert denied, 409 U.S. 1125, 93 S.Ct. 937, (1973)( The courts have extended this distinction to property damage or loss occurring incident to service; thus, restricting the claimant to his remedy under the MPCECA).

## CONCLUSION

For the reasons set forth above the motion for summary judgment filed by plaintiff will denied and the motion for summary judgment filed by the government will be granted, dismissing the instant action with prejudice for lack of subject matter jurisdiction.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this \_\_\_\_ day of August, 2016.

_____
**JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE**